FILED

DEC 2 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEZHAN JIANG, | No. 12-72235 |
| Petitioner, | Agency No. A088-089-137 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Kezhan Jiang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from the

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  Our

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards created by the REAL ID Act governing adverse credibility determinations. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We dismiss in part and deny the petition for review.

Among other things, the BIA found Jiang not credible based on an inconsistency between Jiang's testimony and supporting documentation regarding whether his wife underwent an abortion in December 1999, and an inconsistency regarding the year he began protesting the government's seizure of his land. Substantial evidence supports the BIA's credibility determination. *See id*. at 1048 (adverse credibility finding was reasonable under the totality of the circumstances). We lack jurisdiction to review Jiang's contentions that his nervousness and lack of education caused him to testify inaccurately because Jiang did not exhaust these claims before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not raised to the agency). Jiang's remaining explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Jiang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Jiang's CAT claim fails because it is based on the same testimony the BIA found not credible, and Jiang does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in China. *See id*. at 1156-57.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**